IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK PUGH, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00148-KD-B |
| | * |
| MOBILE COUNTY METRO JAIL, | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

Plaintiff Patrick Pugh, a pretrial detainee at the Mobile County Metro Jail, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without the prepayment of fees.[1] (Docs. 1, 2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), this action be dismissed with prejudice as frivolous.

**I. Plaintiff's Complaint. (Doc. 1).**

Plaintiff Patrick Pugh filed his complaint on the Court's § 1983 complaint form and listed the Mobile County Metro Jail as the sole Defendant in the style of the case. (Doc. 1 at 1). Pugh did not complete section III of the form complaint, which seeks the

---

[1] As best the Court can discern, Pugh was indicted by a grand jury in April 2018 for robbery in the third degree. It appears that the charge is still pending, as Pugh did not list a date of conviction or the term of any sentence. (See Doc. 1 at 6).

name and address of each defendant. (Id. at 5-6). In the complaint, Pugh asserts that he has been in jail for eleven months, that he suffers from mental illness, and that he is being forced to take medicine that causes bad side effects such as memory loss, blood in stool, grinding of teeth, numbness in hands and feet, and stomach cramps. (Id. at 4). For relief, Pugh asks to be treated like a human instead of like a dog, and he requests proper medical evaluation and home placement. (Id. at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Pugh is seeking to proceed *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or when the claim seeks to enforce a right that clearly does not exist. Id. at 327.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, even in the case of *pro se* litigants, the court does not have "license to . . . rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other

grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Moreover, a court treats factual allegations as true, but a court is not required to accept conclusory assertions or formulaic recitations of a cause of action's elements. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 2989), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

In order to have a viable § 1983 action, Plaintiff must name as a defendant an entity capable of being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is generally determined by the law of the state in which the district court is held. Fed. R. Civ. P. 17(b)(3); see Dean, 951 F.2d at 1214. Under Alabama law, the sheriff "has the legal custody and charge of the jail in his or her county and all prisoners committed thereto . . . ." Ala. Code § 14-6-1. "Generally, a sheriff's department operates a county jail." Russell v. Mobile Cnty. Sheriff, 2000 U.S. Dist. LEXIS 18051, at *5, 2000 WL 1848470, at *2 (S.D. Ala. Nov. 20, 2000). However, "[u]nder Alabama law, a county sheriff's department lacks the capacity to be sued." Dean, 951 F.2d at 1215 (citing White v. Birch, 582 So. 2d 1085, 1087 (Ala. 1991)). Thus, it follows that a subdivision of a sheriff's department, such as a county jail, likewise lacks the capacity to be sued. See, e.g., Russell, 2000

3

U.S. Dist. LEXIS 18051, at *5-6, 2000 WL 1848470, at *2) (finding that the Mobile County Jail is not a suable entity); see also Curtis v. Baldwin Cnty. Corr. Ctr., 2009 WL 2596495, at *1 (S.D. Ala. Aug. 20, 2009) (DuBose, J.); Jones v. Huntsville Police Dept., 2012 U.S. Dist. LEXIS 58533, at *3, 2012 WL 1569562, at *2 (N.D. Ala. Apr. 2, 2012) ("To the extent the plaintiff seeks to sue the Madison County Jail, the Jail is not a legal entity subject to suit under 42 U.S.C. § 1983 and therefore is not a proper party defendant to this action."), report and recommendation adopted, 2012 U.S. Dist. LEXIS 58541, 2012 WL 1569522 (N.D. Ala. Apr. 26, 2012); Murphy v. Clarke Cnty. Jail, 2010 U.S. Dist. LEXIS 37037, at *5-6, 2010 WL 1487872, at *2 (S.D. Ala. Mar. 31, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 37038, 2010 WL 1487235 (S.D. Ala. Apr. 13, 2010).  The Court thus finds that the Mobile County Metro Jail is not a suable entity for the purposes of a § 1983 action.  Accordingly, Pugh's complaint lacks an arguable basis in law and is, therefore, frivolous.  See Neitzke, supra.

**IV. Conclusion**.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous.  In the event that Pugh can state a plausible claim for a violation of his constitutional rights against a suable governmental official or entity, he may file an amended complaint within the time period

4

for filing objections to the report and recommendation, or he may file a separate action within two years from the date when the incident occurred. See Lufkin v. McCallum, 956 F.2d 1104, 1105 n.2, 1108 (11th Cir. 1992) (holding the statute of limitation for a § 1983 action filed in Alabama is two years), cert. denied, 506 U.S. 917 (1992).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **25th** day of **April, 2019.**

                                      **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**